# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FILED
AUG 29 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

---

UNITED STATES OF AMERICA

v.

DANIEL ZEPEDA

**CRIMINAL COMPLAINT**

CASE NUMBER:

**1:08 MJ 00205 GSA**

(Name and Address of Defendant)

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about **February 15, 2008 through and including August 11, 2008** in **Fresno** County, in the Eastern District of California defendant(s) did

▸ **Engage in the business of selling firearms without a license; was an unlawful user of a controlled substance who was also in the possession of a firearm; possess a stolen firearm; knowingly sell firearms to a convicted felon; knowingly possess a firearm with an obliterated serial number; possess a firearm during a drug-trafficking crime; and engage in the distribution of cocaine base,**

in violation of Title 18, United States Code, Section(s) 922(a)(1)(A); Title 18, United States Code, Section(s) 922(d)(1); Title 18, United States Code, Section(s) 922(g)(3); Title 18, United States Code, Section(s) 922(j); Title 18, United States Code, Section(s) 922(k); Title 18, United States Code, Section(s) 924(c); and Title 21, United States Code, Section(s) 841(a)(1). I further state that I am a(n) agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives and that this complaint is based on the following facts:

▸ See attached.

Continued on the attached sheet and made a part of this complaint: 5 pages

_____
Signature of Complainant

Sworn to before me, and signed in my presence

Date: 8/29/08

at Fresno, California
City, State

_____
Signature of Judge

Gary S. Austin, Federal Court Magistrate Judge
Name of Judge    Title of Judge

1. I, Monika Uchiyama, being duly sworn, do hereby declare and state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since March 7, 2005. Prior to being employed as a Special Agent, I earned a Bachelor's degree in Criminology, Law and Society from the University of California Irvine. I am a graduate of the Federal Law Enforcement Training Center Academy and the ATF National Academy. My primary duties involve the investigation of Federal firearm violations and their associated use in violent crime and narcotics violations.

2. This affidavit is made in support of a complaint charging DANIEL ZEPEDA (hereinafter referred to as "ZEPEDA") with violations of Title 18 U.S.C. 922 (a) (1) (A), engaging in the business of dealing firearms without a license; Title 18 U.S.C. 922 (d) (1), knowingly selling firearms to a convicted felon; Title 18 U.S.C. 922 (g) (3), being an unlawful user of a controlled substance who is in possession of a firearm; Title 18 U.S.C. 922 (j), possession of a stolen firearm; Title 18 U.S.C. 922 (k), knowingly possess a firearm with an obliterated serial number; Title 18 U.S.C. 924 (c), possession of a firearm during a drug trafficking crime; and Title 21 U.S.C. 841 (a) (1), engaging in the distribution of cocaine base. The facts stated in this affidavit is based upon the investigation I have personally conducted, my conversations with other law enforcement officers involved in this investigation, my personal knowledge and my training.

3. During the months of February 2008 through August 2008, an ATF Confidential Informant (CI), acting in an undercover capacity purchased thirteen firearms and approximately 68.7 grams of cocaine base from Daniel ZEPEDA. All thirteen firearms purchased are defined as such by and are in accordance with, Title 18 U.S.C. § 921 (a) (3). On or about January 8, 2008, Task Force Agent Mark Rodriquez of the California Department of Justice, Bureau of Narcotic Enforcement, showed the CI a California Department of Motor Vehicles photo of Daniel ZEPEDA. The CI was able to positively identify the subject as Daniel ZEPEDA, date of birth: January 12, 1989. On that same day, the CI placed a recorded telephone call to Daniel ZEPEDA and informed him that he/she was a convicted felon.

4. Prior to each controlled purchase of a firearm by the CI from Daniel ZEPEDA, the CI was fitted with an electronic recording and transmitting device. Each transaction was recorded and monitored by me or another law enforcement officer. The CI and his/her vehicle were searched prior to each transaction and were found to be free of any money, contraband, or weapons. The CI was then provided with ATF provided "Agent Cashier Funds." Subsequent to each controlled purchase I or another agent obtained any firearms or narcotics purchased from the CI as well as any money that was not spent. I or another law enforcement agent then searched the CI and his/her vehicle for any additional money, contraband or weapons, and found him/her to be free of any such items. Thus, the information set forth below is a result of my own observations,

interviews with the CI, and information received from other law enforcement agents who participated in this investigation.

5. On six separate occasions, the CI, utilizing ATF provided "Agent Cashier Funds," and monitored by numerous law enforcement officers, purchased firearms and narcotics from Daniel ZEPEDA directly outside the residence located at 2320 South Jackson Avenue, Fresno, California. On one separate occasion, the CI, utilizing ATF provided "Agent Cashier Funds," and monitored by numerous law enforcement officers, purchased a firearm from Daniel ZEPEDA directly outside the residence located at 4682 East Truman Avenue, Fresno, California. On five separate occasions, the CI, utilizing ATF provided "Agent Cashier Funds," and monitored by numerous law enforcement officers, purchased firearms and narcotics from Daniel ZEPEDA directly inside the residence located at 2446 South Rowell Avenue, Fresno, California.

6. On February 15, 2008, the CI met with Daniel ZEPEDA directly outside the residence located at 2320 South Jackson Avenue, Fresno, California. The CI provided Daniel ZEPEDA with $400.00 in ATF "Agent Cashier Funds," and Daniel ZEPEDA gave the CI a Charter Arms, model Undercover, .38 caliber revolver.

7. On March 20, 2008, the CI met with Daniel ZEPEDA directly outside the residence located at 2320 South Jackson Avenue, Fresno, California. The CI provided Daniel ZEPEDA with $420.00 in ATF "Agent Cashier Funds," and Daniel ZEPEDA gave the CI approximately 10.3 grams of cocaine base. The CI informed me that Daniel ZEPEDA took a small unknown amount of cocaine base as part of his fee. During this transaction, the CI asked Daniel ZEPEDA about purchasing more firearms. Daniel ZEPEDA stated that currently he only had his own firearm which he described as a .357 caliber firearm. When the CI offered to purchase it, Daniel ZEPEDA stated that he did not want to sell it. The CI stated that as Daniel ZEPEDA was telling him about the firearm, he made a motion to his side which appeared to the CI that he was going to pull out the firearm in question to show him/her but stopped before he/she could see it.

8. On March 25, 2008, the CI met with Daniel ZEPEDA directly outside the residence located at 2320 South Jackson Avenue, Fresno, California. The CI provided Daniel ZEPEDA with $600.00 in ATF "Agent Cashier Funds," and Daniel ZEPEDA gave the CI a Hi-Point, model JS-45, .45 caliber pistol with an obliterated serial number. During this transaction, Daniel ZEPEDA also gave the CI less than one gram of suspected marijuana as a sample and as part of the sale.

9. On April 1, 2008, the CI placed a recorded telephone call to Daniel ZEPEDA. During this conversation, Daniel ZEPEDA can be heard coughing heavily and the CI asked if he was smoking (referring to smoking marijuana). Daniel ZEPEDA told the CI that he was smoking some "purple" and some "hash," also commonly known as different types of marijuana. On that same day, the CI met with Daniel

ZEPEDA directly outside the residence located 2320 South Jackson Avenue, Fresno, California. The CI provided Daniel ZEPEDA with $400.00 in ATF "Agent Cashier Funds," and Daniel ZEPEDA gave the CI approximately 11.7 grams of cocaine base.

10. On April 11, 2008, the CI met with Daniel ZEPEDA directly outside the residence located at 2320 South Jackson Avenue, Fresno, California. The CI provided Daniel ZEPEDA with $450.00 in ATF "Agent Cashier Funds," and Daniel ZEPEDA gave the CI a CZ, model CZ-52, 7.62x25 caliber pistol.

11. On May 13, 2008, the CI met with Daniel ZEPEDA directly outside the residence located at 2320 South Jackson Avenue, Fresno, California. The CI provided Daniel ZEPEDA with $500.00 in ATF "Agent Cashier Funds," and Daniel ZEPEDA gave the CI a Taurus, model 669, .357 caliber revolver.

12. On June 4, 2008, the CI met with Daniel ZEPEDA directly outside the residence located at 4682 East Truman Avenue, Fresno, California. The CI provided Daniel ZEPEDA with $800.00 in ATF "Agent Cashier Funds," and Daniel ZEPEDA gave the CI a Norinco, model SKS, 7.62x39 caliber rifle. During this transaction, Daniel ZEPEDA showed the CI that there were two levers on the firearm. He told the CI that one was the safety and the other was a selector switch to place the firearm in either semi-automatic or fully-automatic mode. He assured the CI that the firearm works and told the CI that by pressing the trigger, the firing pin could be heard. He also showed the CI how to insert the magazine and the speed loader into the firearm.

13. On June 25, 2008, the CI met with Daniel ZEPEDA inside the residence located 2446 South Rowell Avenue, Fresno, California. From the recordings and from what the CI told me, the CI provided Daniel ZEPEDA with $680.00 in ATF "Agent Cashier Funds," and Daniel ZEPEDA gave the CI a Charter Arms, model Bulldog Pug, .44 caliber revolver. The CI stated that when Daniel ZEPEDA had lifted his shirt to pull out the .44 caliber revolver to give to the CI, he/she could see another firearm in Daniel ZEPEDA'S waistband. Daniel ZEPEDA later pulled out the other firearm which was described by the CI as a .357 revolver. Daniel ZEPEDA told the CI that he does not take off any serial numbers as he knows that it is a Federal offense. Prior to purchasing the .44 caliber revolver, the CI reminded Daniel ZEPEDA that he/she was a convicted felon.

14. On July 3, 2008, the CI met with Daniel ZEPEDA inside the residence located at 2446 South Rowell Avenue, Fresno, California. From the recordings and from what the CI told me, Daniel ZEPEDA pulled out a Smith and Wesson, model SW9V, 9mm caliber pistol and handed it to the CI. Daniel ZEPEDA then pulled out a .357 revolver from the same dresser drawer and placed it into his pocket. The CI provided Daniel ZEPEDA with $800.00 in ATF "Agent Cashier Funds," and Daniel ZEPEDA walked out of the room to meet with a drug source. Immediately after, Daniel ZEPEDA returned to the room and gave the CI

approximately 23.1 grams of cocaine base. Daniel ZEPEDA told the CI, "...hook me up with some..." and took a piece of cocaine base out of the bag. He told the CI that with the cocaine base he plans to put it in a "blunt...I'll put it in a blunt with the weed." The CI then provided Daniel ZEPEDA with $700.00 in ATF "Agent Cashier Funds," for the Smith and Wesson, model SW9V, 9mm caliber pistol.

15. On July 15, 2008, the CI met with Daniel ZEPEDA inside the residence located at 2446 South Rowell Avenue, Fresno, California. The CI provided Daniel ZEPEDA with $700.00 in ATF "Agent Cashier Funds," and Daniel ZEPEDA gave the CI a Smith and Wesson, model 640-3, .357 caliber revolver. On that same day, while Daniel ZEPEDA and the CI were waiting for the drug source to arrive, the CI told me that Daniel ZEPEDA and two other individuals who were also in the room began to smoke suspected marijuana. When the drug source arrived, Daniel ZEPEDA walked out of the room and after a couple minutes, he returned. The CI provided Daniel ZEPEDA with $720.00 in ATF "Agent Cashier Funds," and Daniel ZEPEDA gave the CI approximately 23.6 grams of cocaine base.

16. On July 30, 2008, the CI met with Daniel ZEPEDA inside the residence located at 2446 South Rowell Avenue, Fresno, California The CI provided Daniel ZEPEDA with $500.00 and $450.00 in ATF "Agent Cashier Funds," and Daniel ZEPEDA gave the CI a Mossberg, model 500A, 12ga caliber shotgun and a Rohm, model RG57, .44 caliber revolver, respectively.

17. On August 11, 2008, the CI met with Daniel ZEPEDA inside the residence located at 2446 South Rowell Avenue, Fresno, California. The CI provided Daniel ZEPEDA with $1,480.00 in ATF "Agent Cashier Funds," and Daniel ZEPEDA gave the CI a Norinco, model AKM/47S, 762 caliber rifle. Daniel ZEPEDA told the CI that this firearm was a fully-automatic weapon and knew so because his friend had told him earlier. The CI also provided Daniel ZEPEDA with a total of $1,000.00 in ATF "Agent Cashier Funds," and Daniel ZEPEDA gave the CI a Smith and Wesson, model 36, .38 caliber revolver and a Iver Johnson, model M1 Carbine, 30 caliber rifle (for $500.00 each). A check in the National Crime Information Center system indicated that the Smith and Wesson, model 36, .38 caliber revolver was reported stolen. In addition, a police report from the Fresno Police Department, case 06-10146, reports this theft.

18. As of August 26, 2008, Daniel ZEPEDA has never been issued a license to engage in the business of dealing in firearms, according to records of the firearms licensees maintained by ATF Industry Operations.

19. On August 27, 2008, ATF Special Agent Arthur Peralta advised me that he has completed firearms interstate nexus training given by the ATF Firearms advised me that he has completed firearms interstate nexus training given by the ATF Firearms Technology Branch. Based upon his training and experience, he knows

   that the abovementioned firearm was not manufactured in California; therefore, it has traveled in interstate or foreign commerce, if located in the state of California.

20. Based on the evidence in this affidavit, I concluded there is probable cause to believe that Daniel ZEPEDA violated provisions of Title 18 U.S.C. 922 (a) (1) (A); Title 18 U.S.C. 922 (d) (1); Title 18 U.S.C. 922 (g) (3); Title 18 U.S.C. 922 (j); Title 18 U.S.C. 922 (k); Title 18 U.S.C. 924 (c); and Title 21 U.S.C. 841 (a) (1).